COUGHLIN, P. J.
 

 The defendant appeals from a judgment in favor of the plaintiff in the sum of $310.72, under a contract of sale of an automobile. The agreed purchase price was $1,195. Among other things, the contract shows that a charge of $24 was made for "TR. Lie. ’ ’ It may be inferred that this item covered fees for transfer. The contract provided that, in the event of default, the seller might repossess the automobile ; resell the same at a private sale; and hold the purchaser for the balance due. It was also stated in the contract that “the receipt of a copy of this contract is hereby acknowledged by Purchaser.”
 

 The defendant advances three grounds for reversal:
 

 1. The first ground urged is that the contract is unenforceable because of a failure to comply with section 2982 of the Civil Code. It is contended that the contract does not set forth “A description and itemization of amounts . . .
 
 *896
 
 which will actually be paid by the seller ... to any public officer as fees in connection with the transaction . . also that the evidence fails to establish that an exact copy of the contract was “delivered by the seller to the buyer at the time of its execution”; and further, that the original or an exact copy of a policy of insurance required by the seller was not delivered to the purchaser within thirty days after execution of the contract.
 

 ' It is the opinion of the court that none of these contentions is sustainable under the general rule that, upon appeal, any evidence and all inferences that legally may be drawn therefrom which would sustain a finding in support of the judgment must be accepted by the appellate court in determining the sufficiency of such evidence as a matter of law. The record establishes a substantial compliance with the provisions of section 2982 of the Civil Code for, although the contract under consideration did not itemize the charges made in the order prescribed by subdivision (a) of said section, nevertheless, in substance, the requirements were met. The contract introduced in evidence, which was signed by the defendant, acknowledged receipt of a copy thereof by him. This was substantial evidence that an exact copy thereof was delivered to him at the time of its execution. The insurance policy for which the defendant was charged was issued after the expiration of an existing policy and the charge therefor was not included in the amounts to be paid under the contract and, consequently was not subject to the provisions of subdivision (b) of said section 2982. Moreover, the penalty of unenforceability for failure to comply with the provisions of said section 2982 applies only to the requirements set forth in subdivisions (c) and (d), and not to those set forth in subdivisions (a) and (b) of that section (Civ. Code, § 2982, subd.(e)).
 

 2. As a second ground for reversal the defendant contends that his consent to the contract was obtained by false representations. These representations concern the condition of the automobile at the time of sale. The defendant testified that he discovered the falsity of these representations within a few days after the sale. However, he continued to make payments under the contract, and made no complaint to the seller about the condition of the car, or the alleged misrepresentations, until shortly before the automobile was repossessed. A review of the evidence indicates that the trial court was entitled to infer that the representations with
 
 *897
 
 respect to the condition of the car were not representations of fact, nor false representations, but were expressions of opinion and were so considered by the defendant at the time of his purchase.
 

 Lastly, the defendant contends that the plaintiff did not comply with the provisions of subdivision (5) of section 1780 of the Civil Code which requires a seller “to exercise reasonable care and judgment in making a resale.” After repossessing the automobile in question the plaintiff solicited bids from seven or eight used car dealers and thereafter received three bids and sold the car to the highest bidder for the sum of $350. The defendant contends that the resale of the automobile for $350 is sufficient evidence of inadequacy of price to require the court, as a matter of law, to conclude that the seller did not exercise reasonable care and judgment in making a resale. Even though this legal premise be accepted, the fallacy of the defendant’s contention is in assuming that the evidence establishes, as a matter of law, that the sum of $350 was an inadequate price. Although the original sales price of the car was $1,195, the automobile had been used by the defendant for eight months and, prior to its repossession, had been stripped of a number of items including a radio, heater and other accessories. Assuming that the plaintiff had the burden of proving that he exercised reasonable care and judgment in making a resale, he met that burden with a prima facie case by showing that he solicited bids from seven or eight prospective purchasers and accepted the highest of three bids actually made. The defendant’s contention that the resale price was inadequate has no evidentiary support. To prove such inadequacy the evidence would have to establish that the market value was greatly in excess of the price paid. There is no substantial evidence in the record upon which to base a finding of the market value at the time of resale. Under the circumstances, it cannot be concluded on appeal that the price actually paid was inadequate.
 

 The judgment is affirmed.
 

 Mitchell, J., concurred.