COUGHLIN, P. J.
 

 This is an appeal from a judgment in favor of the defendant and against the plaintiffs adjudging that the plaintiffs take nothing by virtue of their complaint and that the defendant recover from them the sum of $2,042 on a cross-complaint.
 

 On December 5, 1952, the defendant purchased an automobile from the plaintiffs under a written contract specifying a total cash price of $2,230.80. This contract recited a total down payment of $788.80 which consisted of a recited cash payment of $388.80 and a trade-in allowance of $400. The evidence showed that the purchaser was unable to make the cash payment of $388.80 and in lieu thereof paid the sum of $120 in cash and gave a promissory note in the sum of $268.80 for the balance. The written contract did not set forth the time price differential or the contract balance as required by law. (Civ. Code, § 2982, subd. (a).)
 

 On October 7, 1954, the plaintiffs repossessed the automobile in question, contending that the defendant had defaulted under the contract. After repairing and reselling the automobile the plaintiffs sued the defendant for an alleged balance due.
 

 The defendant joined issue with the material allegations of the complaint; as a special defense set up the unenforceability of the contract upon the ground that it failed to comply with the provisions of section 2982 of the Civil Code; and filed a cross-complaint.
 

 The first cause of action in the cross-complaint alleged the failure of the contract to comply with the provisions of the code section in question; the transfer of defendant’s auto
 
 *931
 
 mobile and the payment of money to the plaintiffs under the terms of the contract; and “that by reason of all the premises alleged, the cross-complainant has suffered damage in the sum of $2,127.45.”
 

 The second cause of action alleged an indebtedness under the common count for money had and received.
 

 The plaintiffs’ answer to the cross-complaint contained a denial of the material allegations thereof and specifically denied that “the cross-complainant has suffered damages in the sum of $2,127.45, or has suffered damage in any sum at all.”
 

 The evidence adequately sustains the finding of the trial court that the contract did not set forth the time price differential or the contract balance and for this reason failed to comply with the provisions of subdivision (a) of said section 2982. In the eases of
 
 Carter
 
 v.
 
 Seaboard Finance Co.,
 
 33 Cal.2d 564 [203 P.2d 758], and
 
 Estrada
 
 v.
 
 Alvarez,
 
 38 Cal.2d 386 [240 P.2d 278], the Supreme Court held that the provisions of the code section under consideration were mandatory and a failure to substantially comply therewith rendered a contract for the sale of an automobile unenforceable. That court further held that the buyer was entitled to recover any money which he had paid the seller under the contract. The plaintiffs contend that an amendment to the code section in 1949, which was subsequent to the transactions involved in the two eases heretofore considered, constitutes a declaration by the Legislature of an intention contrary to the interpreted intention of the Legislature as set forth in the Supreme Court decisions. Prior to the 1949 amendment, subdivision (e) of said section 2982 expressly stated that a failure to comply with the provisions of subdivisions (c) and (d) of said section rendered the contract unenforceable and entitled the buyer to recover from the seller three times the total amount paid under the contract. The 1949 amendment, in substance, retained the language of the code section except that the right of the buyer to recover three times the amount he had paid under the contract was reduced to the exact amount he had paid under the contract. In the two cases referred to, the Supreme Court, in substance, held that even though subdivision (e) of the code section declared only that a violation of the provisions of subdivisions (c) and (d) thereof rendered the contract unenforceable, it was the intention of the Legislature that the provisions of subparagraph (a) of the code section were mandatory and a failure to substantially
 
 *932
 
 comply therewith also rendered the contract unenforceable. This conclusion was based upon the provisions of Civil Code, section 1667, subdivision 2, and prior decisions which variously have described contracts failing to comply with somewhat similar statutes as “unenforceable,” “illegal,” or “void.” In permitting a buyer to recover money paid to a seller under a contract which failed to conform to the requirements of Civil Code, section 2982, the Supreme Court, in effect, has declared such a contract to be void. When the Legislature amended the code section under consideration in 1949, it is presumed to have had knowledge of the interpretation theretofore placed upon the section by the Supreme Court. If this be so, the reenactment of the code section by the amendment thereof incorporated the interpretation theretofore placed upon the same by the Supreme Court.
 
 {Harris
 
 v.
 
 Barlow,
 
 180 Cal. 142 [179 P. 682]; Cal.Jur. 795.) Under these circumstances, the conclusion of the Supreme Court, with respect to the effect of a failure to comply with the provisions of said section 2982, applies to a determination of the issues at hand.
 

 The plaintiffs cite the ease of
 
 Millick
 
 v.
 
 Peer,
 
 130 Cal.App.2d Supp. 894 [279 P.2d 212], decided by this court, which held that the contract there under consideration
 
 substantially
 
 complied with the provisions of said section 2982 and therefore was enforceable. However, the plaintiffs rely upon a statement in this decision that the penalty of unenforceability only applied to a failure to comply with the requirements of subdivisions (c) or (d) of said section 2982 and not to those of subdivisions (a) and (b) of that section. This statement was in disagreement with the decisions in
 
 Carter
 
 v.
 
 Seaboard Finance Co.,
 
 33 Cal.2d 564 [203 P.2d 758], and
 
 Estrada
 
 v.
 
 Alvarez,
 
 38 Cal.2d 386 [240 P.2d 278] ; was not necessary to the decision in
 
 Millick
 
 v.
 
 Peer,
 
 130 Cal.App.2d Supp. 894 [279 P.2d 212]; and cannot be controlling in the case at bar.
 

 The decision of the trial court holding that the contract at bar was void; denying relief to the plaintiffs who relied thereon; and finding that the defendant was entitled to recover from the plaintiffs any damage sustained as a result of the void contract, must be affirmed.
 

 However, the amount of defendant’s damages is not necessarily determined by the amount which he paid to the plaintiffs. Although the defendant paid the plaintiffs $2,042.25 he was not damaged in this amount. In the case of
 
 United States Credit Bureau
 
 v.
 
 Sanders,
 
 103 Cal.App.2d 806, 816
 
 *933
 
 [230 P.2d 849], the court held that the purchasers under a contract which failed to comply with the provisions of said section 2982 “were chargeable with the reasonable value of the use of the equipment while it was in their possession.” A person who has received money from another under a void contract has been unjustly enriched and for that reason the law permits the latter to recover the amount of the unjust enrichment from the former.
 
 (Whyte
 
 v.
 
 Rosencrantz,
 
 123 Cal. 634, 638 [56 P. 436, 69 Am.St.Rep. 90].) As the contract of sale in the case at bar was void, the payment of money by the buyer to the seller upon the purchase price designated in a contract that did not exist may be recovered. However, when, as in this case, the seller transfers to the buyer the possession and use of an automobile the buyer receives a benefit which should be considered in determining the amount of the seller’s unjust enrichment. As the seller delivered possession and use of his automobile to the buyer, no contract with respect thereto existing, the law implied an agreement upon the part of the user of the automobile to pay the owner thereof the reasonable value of such use. As a consequence, it cannot be held that all of the money paid by the buyer under the circumstances in this case was paid for naught, because payment of a part of that money discharged the obligation which the law imposed upon the buyer to pay the reasonable value of the use of the automobile which he received. Under these circumstances, when the defendant in his cross-complaint alleged that he was damaged in the sum of $2,127.45 and the plaintiffs in their answer to the cross-complaint deny that the defendant was damaged in that sum or “in any sum at all,” an issue was tendered which required the court to determine not only the amount of money which the buyer had paid to the seller but also the amount of money which the buyer should have paid to the seller for the use of the automobile which he received, and to determine the resultant damage, if any, sustained by the buyer.
 

 The record in this case indicates that the trial court did not give any consideration to the fact that the defendant may have owed the plaintiffs for the use of the automobile in question. Although there was no opinion evidence to guide the court with respect to the reasonable value of such use, nevertheless there was evidence before the court from which it could have made a finding as to the reasonable value of such use.
 

 
 *934
 
 The judgment upon the complaint is affirmed and the judgment upon the cross-complaint is reversed with instructions to the trial court to determine the reasonable value of the use of the automobile by the defendant during the time he was in possession thereof and to offset that amount against the sums paid by the defendant to the plaintiffs.
 

 Hilliard, J., and Mitchell, J., concurred.