PATROSSO, J.
 

 Plaintiff instituted this action to recover money paid by him on account of the purchase price of an automobile under a conditional sales contract which it is alleged did not conform to the requirements of Civil Code, section 2982. Defendants’ answer to plaintiff’s complaint, in addition to a denial of the material allegations thereof, set up a counterclaim or offset for the reasonable value of the use of the automobile while in the possession of the plaintiff, which was alleged to be $7.00 per day or the total sum of $2,030. Upon the trial it was stipulated that the reasonable rental value of the ear purchased by plaintiff was “in excess of but limited to $895.00” and that the reasonable rental value of the car which plaintiff had traded in on account of the purchase price “was in excess of but limited to $135.00.”
 

 By its findings the court found that compliance was not had with the requirements of section 2982, in that, among other things, no copy of the conditional sales contract was delivered to the plaintiff at the time of its execution, and without any finding as to the reasonable value of the use of either car, found that defendant was not entitled to an offset for the reasonable value of the use of the car purchased by plaintiff while in his possession, for the reason, as stated in the conclusions of law, that to do so “would constitute unjust enrichment of the defendants herein, at the expense of the plaintiff here” and because defendants violated the statute referred to, this precluded “the awarding of any sum as value of the use of said automobile by plaintiff herein, in that
 
 *Supp. 975
 
 to make such award would result in the award of an amount in excess of the value of the automobile in question and would be to permit the wrongdoer to profit by his own wrong, and further that such action would be harsh and inequitable and would vitiate the clear intendment of the legislature in the enactment of section 2982. ’ ’ Upon these findings the court entered judgment in favor of plaintiff for the sum of $656.68, together with interest thereon, and defendants appeal.
 

 Defendants contend (1) that the court’s conclusion that the defendant did not conform to the requirements of section 2982 is not supported by the evidence, and (2) that the court erred in refusing to offset against the amount found due plaintiff the reasonable value of the use of the automobile purchased by plaintiff while it remained in his possession. As to the first contention we find that the evidence supports the trial court’s finding of defendant’s failure to comply with the statutory requirements with respect to the contract here involved.
 

 In
 
 Carter
 
 v.
 
 Seaboard Finance Co.
 
 (1949), 33 Cal.2d 564 [203 P.2d 758], the Supreme Court directly held that section 2982 was enacted for the benefit and protection of purchasers of motor vehicles under conditional sales contracts; that conditional contracts not conforming to the requirements thereof are unenforceable by the seller, and as a purchaser is not to be regarded as
 
 in pari delicto
 
 with the seller, he may recover the consideration paid by him under the contract.
 

 It has, however, been urged upon us that it is only violations of subdivisions (c) and (d) of Civil Code, section 2982, which render conditional sales contract of an automobile unenforceable and not those set forth in subdivisions (a) and (b) of that section, in support of which we are cited to
 
 Millick
 
 v.
 
 Peer
 
 (1955), 130 Cal.App.2d Supp. 894, 896 [279 P.2d 212]. But that case has now been repudiated by the court which decided it. (Baum v.
 
 Aleman
 
 (1956), 139 Cal.App.2d Supp. 929, 932 [293 P.2d 162].) Moreover, the same contention was urged and rejected by the Supreme Court in
 
 Carter
 
 v.
 
 Seaboard Finance Co., supra,
 
 33 Cal.2d 564, where it is said (p. 573) : “Since section 2982(c) limiting the time price differential provides that a contract in violation thereof shall be unenforceable and that the buyer may recover three, times the amount paid by him on the contract balance, it follows that the additional penalty applies to a violation of that subdivision only. The conclusion that a violation of other
 
 *Supp. 976
 
 provisions renders the contract merely unenforceable is therefore not inconsistent.” This holding was reaffirmed in
 
 Estrada
 
 V.
 
 Alvarez,
 
 38 Cal.2d 386, 388 [240 P.2d 278]. These decisions of the Supreme Court are therefore controlling upon us. Nor is their force as authority overcome by reason of the 1949 amendment removing the former provision imposing an additional penalty of three times the amount paid by the buyer on the contract balance for a violation of subdivision (c).
 

 We pass, therefore, to a consideration of the second question which is one of more difficulty. The Supreme Court in the Carter case did not undertake to consider or decide whether in an action by a purchaser to recover the money paid by him under a contract which did not conform to the requirements of section 2982, the seller was entitled to offset against plaintiff’s recovery any amount for the use of the vehicle while in the possession of the buyer. And since that decision, neither the Supreme Court nor any District Court of Appeal has discussed or decided this question save in the case of
 
 United States Credit Bureau, Inc.
 
 v.
 
 Sanders
 
 (1951), 103 Cal.App.2d 806 [230 P.2d 849], and that of
 
 Adams
 
 v.
 
 Caruso Enterprises, Inc.
 
 (1955), 134 Cal.App.2d 403 [285 P.2d 1022], In the course of the opinion in the first cited case, it is said (p. 816): “Cross-complainants (purchasers) were chargeable with the reasonable value of the use of the equipment (motor vehicles) while it was in their possession.” A petition for hearing was denied by the Supreme Court, and in the circumstances, we would normally accept the statement of the District Court of Appeal as final, were it not for the fact that there the purchasers (cross-complainants) affirmatively pleaded the value of the use of the equipment, and this allegation having been defectively denied by the cross-defendants (sellers), no issue was thereby presented. Buyers having, by their pleading, in effect conceded that they were chargeable with the reasonable value of the use of the vehicle while in their possession, in the amount alleged by them, no question with respect thereto arose, and the statement in the opinion quoted above may well be considered as dictum. Moreover, some doubt appears to have been cast upon this statement of the District Court of Appeal by the decision of the Supreme Court in the later case of
 
 Estrada
 
 v.
 
 Alvarez
 
 (1952), 38 Cal.2d 386, 388-391,
 
 supra,
 
 wherein, in passing upon the sufficiency of a complaint by a buyer seeking to recover the money paid by him under a conditional sales contract for the purchase of an
 
 *Supp. 977
 
 automobile, which contract was void for noncompliance with section 2982, it is held that the plaintiff need not plead compliance with the requirements of Civil Code, section 1691, prescribing the conditions precedent to the right to rescind a contract (promptness and a restoration of or offer to restore “everything of value received under the contract”). While it there appeared from plaintiff’s complaint that the defendant had repossessed the vehicle, the complaint was silent as to any restoration or offer to restore the benefits derived by plaintiff from the use of the vehicle while in his possession. True, the Supreme Court did not there undertake to consider or discuss the right of the seller to plead an offset for the value of the use of the vehicle by him, but the necessary implication is that such an action is not to be regarded as one for rescission with its attendant strict requirement that plaintiff do or offer to do equity as a condition to its maintenance.
 

 In
 
 Adams
 
 v.
 
 Caruso Enterprises, Inc., supra,
 
 134 Cal.App.2d 403, which was an action by a purchaser to recover from the seller the value of an automobile traded in by him and accepted as a down payment under a conditional sales contract of an automobile, which contract did not comply with section 2982, the trial court entered judgment in favor of the plaintiff against the seller for the value of the trade-in, less the difference between the rental value of the purchased automobile while in the possession of the buyer and the rental value for the same period of the automobile traded in by the plaintiff. No appeal was taken from the judgment by the plaintiff purchaser, and hence no question was presented as to the propriety of allowing the seller a setoff in the amount of the rental value of the purchased ear. Defendant, however, did appeal, and assigned as error the action of the trial court in reducing the offset allowed it in the amount of the rental value of the automobile traded in by the plaintiff. Without undertaking to consider the propriety of allowing an offset to the seller in the amount of the rental value of the car sold to the plaintiff, the court disposed of defendant’s contention in the following language (p. 409): “We perceive no violation of either justice or equity in the action of the court wherein the loss of use of the respective vehicles was equalized.”
 

 As a consequence, a considerable difference of opinion appears to prevail among the judges of the various municipal courts as attested by the number of cases before us in which the question has arisen as to the right of a seller to offset
 
 *Supp. 978
 
 the reasonable value of the use of the vehicle while in the possession of the buyer. In the light of this we have been prompted to examine the question as though one of first impression to the end that, insofar as it lies in our power to do so, we may announce what we believe to be the true rule for the guidance of those courts.
 

 We start with the principle long recognized and reaffirmed in
 
 Carter
 
 v.
 
 Seaboard Finance Co., supra,
 
 that a member of a class for whose protection a statute is enacted is ordinarily not considered
 
 in pari delicto
 
 with those who violate the same, and as a consequence the general rule that courts will not aid either party to an illegal bargain is without application.
 
 (Pollak
 
 v.
 
 Staunton
 
 (1930), 210 Cal. 656, 662 [293 P. 26] (sale of securities not authorized by permit of Commissioner of Corporations);
 
 Goodspeed
 
 v.
 
 Associated Almond Growers
 
 (1929), 208 Cal. 121, 122 [280 P. 530] (sale of lots under contract wherein the lots are described only by reference to an unrecorded map);
 
 Bachenheimer
 
 v.
 
 Palm Springs etc. Corp.
 
 (1953), 116 Cal.App.2d 580, 593 [254 P.2d 153] (lease of subdivided lands where required notice not filed with Real Estate Commissioner).) When the parties to an illegal contract are not in
 
 pari delicto
 
 the guilty party may not maintain an action thereon even though the other has received and retained everything he was to receive thereunder
 
 (Pacific E. Ry. Co.
 
 v.
 
 Commonwealth Bonding etc. Ins. Co.
 
 (1921), 55 Cal.App. 704, 707-708 [204 P. 262]; 17 C.J.S. p. 669, § 280) but the innocent party may recover the money paid by him thereunder.
 
 (Carter
 
 v.
 
 Seaboard Finance Co., supra.)
 
 While the authorities supporting the latter statement are legion, the question confronting us is to what extent, if at all, must the innocent party make restitution if he seeks the return of the consideration paid by him.
 

 While some of the authorities hereinabove cited declare that contracts or transactions in violation of such statutes are void —indeed, some statutes expressly so provide (e.g., Corp. Code, § 26100)—it would appear that they are more properly described as voidable at the behest of the innocent party, who, if he elects so to do, may, nonetheless, treat the same as valid and retain all benefits accrued and to accrue thereunder.
 
 (Domestic & Foreign Pet. Co., Ltd.,
 
 v.
 
 Long
 
 (1935), 4 Cal.2d 547, 558 [51 P.2d 73];
 
 Western Oil & Ref. Co.
 
 v.
 
 Venago Oil Corp.
 
 (1933), 218 Cal. 733, 746 [24 P.2d 971, 88 A.L.R. 1271]; disapproving Cecil
 
 B. de Mille Productions
 
 v.
 
 Wollery
 
 (1932), 61 F.2d 45, to the contrary, as to which see also
 
 Laugharn
 
 v.
 
 *Supp. 979
 

 Bank of America
 
 (1937), 88 F.2d 551,
 
 554; Blackburn v. Union Oil Co.
 
 (1949), 90 Cal.App.2d 775, 777-778 [204 P.2d 69].) This would appear to suggest that the innocent party to such an illegal contract occupies, in effect, the same status and possesses the same rights and remedies against the wrongdoer as one who is the victim of fraud, including the right to rescind and recover that with which he was induced to part as a result of the fraud, but only if he rescind promptly upon discovery of the fraud and restores or offers to restore to the other everything of value which he has received under the contract. However, as already noted, the seeming analogy is impaired by the Supreme Court’s holding in
 
 Estrada v. Alvarez, supra,
 
 and as a consequence the decisions dealing with rescission for fraud may not be said to shed too much light upon the problem before us.
 

 While plaintiff here, if sued for the possession of the automobile or installments accrued under the contract, doubtless could successfully defeat the action without surrendering the car or making the payments due under the contract, it does not follow that he may retain the automobile and also recover whatever sums he may have paid on account of the purchase price.
 
 {Cf. Comet Theatre Enterprises v. Cartwright
 
 (1952), 195 F.2d 80; 30 A.L.R.2d 1229.) By instituting an action for the return of the consideration paid by him on account of the purchase of the car, he is, in effect, asserting that the contract as to him is void and as a consequence that he has received no rights in the vehicle which necessarily implies that he claims no right to the possession thereof.
 
 (Tevis v. Blanchard
 
 (1954), 122 Cal.App.2d 731, 738 [266 P.2d 85].) We, therefore, conclude that he may not maintain an action for the recovery of the money paid by him unless he surrenders or offers to surrender possession of the car or, as in this case, it has been repossessed by the seller.
 

 Having reached the foregoing conclusion, the question remains as to whether, in addition to the return of the car, a defendant seller is entitled to a setoff, against the buyer’s recovery, in some amount, by reason of the use of which the latter has made of the vehicle during the time it was in his possession. Whatever equitable obligations may rest upon the vendee, we do not agree that he is under the necessity of accounting for the rental value of the automobile, that is to say, the amount for which it could be rented by one who was in the business of letting such vehicle for hire, for such
 
 *Supp. 980
 
 amount necessarily involves a profit to the owner. To permit one guilty of violating the law to so profit not only runs counter to the general principle that the law will not extend its aid to one guilty of unlawful conduct, but as well to section 3517 of the Civil Code, which declares that “No one can take advantage of his own wrong. ’ ’ However proper it may be to allow an owner of personal property who has been
 
 wrongfully
 
 deprived of the possession thereof to recover by way of damages the reasonable rental value of the property during the period of its detention, like considerations are not applicable where the one who seeks the benefit of this rule is himself the wrongdoer. Moreover, authorities in this state are to be found which declare that the proper measure of damages for the wrongful detention of an automobile from a dealer in motor vehicles is the depreciation in value
 
 (Spencer Kennelly, Ltd.
 
 v.
 
 Bank of America
 
 (1942), 19 Cal.2d 586, 589 [122 P.2d 552]), and still others which declare that where an automobile is kept for sale an award for the value of use while it is wrongfully detained from the owner is not authorized.
 
 (National Funding Corp.
 
 v.
 
 Stump
 
 (1943), 57 Cal.App.2d 29, 35 [133 P.2d 855];
 
 Morneault
 
 v.
 
 National Surety Co.
 
 (1918), 37 Cal.App. 285, 287 [174 P. 81].) Whatever the true rule of damages may be where the owner is wrongfully deprived of possession of his property, these authorities serve to confirm our view that under the circumstances it would be highly inequitable to permit a dealer guilty of violating section 2982 to offset against the recovery to which plaintiff is entitled of the money paid by him under the illegal contract the rental value of the car which, according to the testimony adduced by the seller in cases before us, frequently exceeds the total sales price of the car in the first instance. In our view the most to which a guilty seller is entitled, and which at the same time is equitable to the innocent buyer, is an offset in an amount representing the depreciation in value of the car occasioned by the use made of it by the buyer while in his possession, which necessarily excludes any allowance for depreciation resulting from a general decline in the market value of such automobile during the period in question. Thus the vendee is, in effect, required to return the vehicle in substantially the same condition it was in at the time he received it. It seems hardly necessary to add that in no event may the seller, by way of offset, obtain an affirmative judgment against the buyer. That is to say, the right of offset in any and all
 
 *Supp. 981
 
 events is restricted to an amount not exceeding that which the buyer is entitled to recover.
 

 In the light of the rule which we have announced as to the nature and extent of the seller’s right of offset, it necessarily follows that there is no basis for the application of the rule approved in
 
 Adams
 
 v.
 
 Caruso Enterprises, Inc., supra
 
 (1955), 134 Cal.App.2d 403, 406, to the effect that where the seller is allowed an offset in the amount of the reasonable rental value of the car sold while in the possession of the buyer, the latter is entitled to the reasonable rental value of the car traded in by him on account of the purchase price. Moreover, it seems wholly illogical to award the buyer the full value of the trade-in, treating it as cash paid to the seller, and at the same time award the buyer an additional sum for the value of the use thereof as a car.
 

 While in the case at bar the offset pleaded by defendant was the amount alleged to be the reasonable rental value of the use of the automobile while in plaintiff’s possession, which we have held to be improper, in view of the uncertainty arising from the decisions to which we have adverted in an earlier part of this opinion, we are of the view that the ends of justice will be served by reversing the judgment and remanding the cause for a new trial upon the sole issue of the amount of offset, if any, which is to be allowed defendant in accordance with the views hereinbefore expressed. To this end defendant should be permitted, upon application therefor, to amend his answer accordingly.
 

 The judgment is reversed and the cause is remanded for a new trial upon the sole issue of the amount of offset, if any, to be allowed defendants. Neither party to recover costs on appeal.
 

 Bishop, P. J., concurred.
 

 Swain, J., concurred in the judgment.