[L. A. No. 24964. In Bank. Aug. 12, 1958.]

EVERETT M. LEWIS, Appellant, v. MUNTZ CAR COM-
PANY OF CALIFORNIA (a Corporation) et al., Re-
spondents.

David J. Lee for Appellant.

Ellery E. Cuff, Public Defender (Los Angeles) and Ray-
mond F. Crigger, Deputy Public Defender, Allan L. Leonard,
Edwin F. Franke and Donald E. Wheeler, Horrigan & Mc-
Knight and J. Wallace McKnight as Amici Curiae on behalf
of Appellant.

K. E. Nungesser and Bromley, Ritter & Lindersmith for
Respondents.

682

SHENK, J.—This is an appeal by the plaintiff from a judgment in favor of himself in an action for restitution, rescission, and cancellation of a contract of conditional sale of an automobile alleged to have been executed in violation of section 2982 of the Civil Code.[1]

In April 1953 the plaintiff entered into negotiations for the purchase of an automobile from the defendant Muntz Car Company. After agreeing upon the terms of the sale, an agent of Muntz submitted several documents to the plaintiff for his signature, including a conditional sale contract form supplied by the defendant Seaboard. It was signed in blank by the plaintiff who then took possession of the car. The terms of the sale were subsequently filled in by Muntz. The document was then assigned by Muntz to the defendant Seaboard Finance Company. After the action was commenced Seaboard forcibly repossessed the car. Plaintiff's motion for

[1]Section 2982 provides in pertinent part: "(a) Every conditional sale contract for the sale of a motor vehicle, with or without accessories, shall be in writing . . . and shall contain all of the agreements between the buyer and the seller relating to the personal property described therein. It shall be signed by the buyer or his authorized representative and by the seller or its authorized representative, and when so executed an exact copy thereof shall be delivered by the seller to the buyer at the time of its execution. It shall recite the following separate items as such in the following order: 1. The cash price of the personal property described in the conditional sale contract. 2. The amount of the buyer's down payment, and whether made in cash or represented by the net agreed value of described property traded in, or both, together with a statement of the respective amounts credited for cash and for such property. . . . 3. The amount unpaid on the cash price, which is the difference between Items 1 and 2. 4. The cost to the buyer of any insurance, the premium for which is included in the contract balance. 5. A description and itemization of amounts, if any, which will actually be paid by the seller or his assignee to any public officer as fees in connection with the transaction, which are included in the contract balance. 6. The amount of the unpaid balance, which is the sum of Items 3, 4, and 5. 7. The amount of the time price differential. 8. The contract balance owed by the buyer to the seller, which is the sum of Items 6 and 7. 9. The number of installments required to pay the contract balance, the amount of each installment, and the date for payment of the installments. . . . (b) If any charge for insurance is included in the amount paid or to be paid by the buyer under any conditional sale contract for the sale of a motor vehicle, with or without accessories, an insurance policy or policies or a certificate of insurance under a master policy shall be issued and the seller shall within thirty days after the execution of the conditional sale contract send or cause to be sent to the buyer the original or an exact copy of such policy or policies or certificate. (c) The amount of the time price differential in any conditional sale contract for the sale of a motor vehicle, with or without accessories shall not exceed 1 per cent of the unpaid balance multiplied by the number of months, including any excess fraction thereof as one month, elapsing between the date of such contract and the due date of the last installment, or twenty-five dollars ($25), whichever is greater; provided,

a preliminary injunction to restrain Seaboard from selling or disposing of the automobile was denied.

The trial court found that Muntz violated section 2982 of the Civil Code in several particulars: Subdivision (a) : The conditional sale contract signed by the plaintiff did not contain all of the agreements between the buyer and the seller; a copy of the contract was never delivered to the plaintiff; the cash price was stated to be $5,232, an amount which included a fictitious credit of $1,000 above the agreed price of the car; the buyer's down payment was incorrectly stated to be $1,800, an amount $1,000 in excess of the agreed down payment; the additional $1,000 was added by Muntz to make it appear that the buyer had paid one third of the purchase price; the amount unpaid on the cash price was incorrectly stated; Muntz obtained insurance for the plaintiff at a premium higher than that agreed upon, but stated the lower premium in the contract; Muntz included a charge of $126 for life insurance which the plaintiff did not agree to buy; no policy of life insurance was procured by Muntz or delivered to the plaintiff; the registration and title fees were not stated. The amount of the unpaid balance was incorrectly stated, and the time price differential was incorrectly stated. Subdivision (b) : No life insurance policy was delivered to the buyer. Subdivision (c) : The time price differential was in excess of the limitations prescribed and the misstatement was not due to accident or innocent error in computation.

Muntz went out of business and defaulted but Seaboard appeared. The court found that the plaintiff paid Muntz $800 as a down payment and $2,833.30 to Seaboard in installments.

---

that such contract may provide for interest on any delinquent installment from and after the date of delinquency, and for reasonable collection costs and fees in the event of delinquency. (d) Any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, the buyer may satisfy in full the indebtedness evidenced by such contract at any time before the final maturity thereof, and in so satisfying such indebtedness shall receive a refund credit thereon for such anticipation of payments. . . . (e) If the seller, except as the result of an accidental or bona fide error in computation, shall violate any provision of subdivisions (c) or (d) of this section the conditional sale contract shall not be enforceable, except by a bona fide purchaser for value, and the buyer may recover from the seller in a civil action the total amount paid on the contract balance by the buyer to the seller or his assignee pursuant to the terms of such contract. (f) If the holder of such contract, except as the result of an accidental or bona fide error in computation, shall violate any provision of subdivision (d) of this section, the buyer may recover from such holder in a civil action the total amount paid on the contract balance by the buyer to such holder pursuant to the terms of such contract.''

The trial court concluded that judgment should be entered against Muntz for $3,633.30 less an offset of $2,000 for the value of the use of the car. It further concluded that judgment should be entered against Seaboard for $2,833.30 less an offset of $2,000. Accordingly, it entered judgment against Muntz for $1,633.30 and a judgment against Seaboard for $833.30, and directed that the automobile be retained by Seaboard. Neither Muntz nor Seaboard has appealed.

 It is clear as found and ordered by the trial court that Muntz is bound to return the consideration paid to it by the plaintiff under the conditional sale contract. (Civ. Code, § 2982, subd. (e); *Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564 [203 P.2d 758].) The first question relates to the right of Muntz to offset the reasonable value of the use of the automobile while in the plaintiff's possession. A like question is presented as to Seaboard. Seaboard contends that no recovery may be had against it, relying on the Carter case.

The trial court found that the retail market value of the vehicle at the time it was sold to the plaintiff in April of 1953 was $4,056; that the retail market value in June 1956, the time of the trial, was $1,510; that the car at the time of the trial was not in operable condition, could not be driven, but that the body of the vehicle appeared to be in good condition; that the plaintiff had not used the automobile since January 1956; that the depreciation in the value of the car occasioned by use and possession of it by the plaintiff and the sum required to return it to the same condition it was in at the time the plaintiff received it was $2,000.

Whether the seller or his assignee is entitled to an offset for the reasonable use of a vehicle purchased under a contract rendered unenforceable by section 2982 of the Civil Code has not been definitively stated by this court. However, that question has been before a district court of appeal and the appellate departments of the superior court. The question was involved in *United States Credit Bureau* v. *Sanders,* 103 Cal.App.2d 806 [230 P.2d 849]. In that case, the plaintiff, as assignee of Seaboard, sued to recover deficiencies on promissory notes secured by chattel mortgages. The notes and mortgages had been executed by the defendants Sanders with Seaboard as mortgagee. The Sanders cross-complained to recover sums paid by them on the notes claiming that the transaction was illegal under Civil Code, section 2982. Seaboard was held to have been a "seller" within the meaning of that section. The court held the plaintiff liable on defend-

ants' cross-complaint for money paid by the defendants to the plaintiff under the illegal contract. The court further directed that the amount of the judgment for the defendants on their cross-complaint be reduced by the value of their use of the vehicle.

*Williams* v. *Caruso Enterprises, Inc.,* 140 Cal.App.2d Supp. 973 [295 P.2d 592], was an action to recover money paid under a conditional sale contract rendered invalid by a violation of the provisions of section 2982. The court there held that the defendant was entitled to an offset for the reasonable value of the use of the car and stated at pages 980 and 981: "In our view the most to which a guilty seller is entitled, and which at the same time is equitable to the innocent buyer, is an offset in an amount representing the depreciation in value of the car occasioned by the use made of it by the buyer while in his possession, which necessarily excludes any allowance for depreciation resulting from a general decline in the market value of such automobile during the period in question. Thus the vendee is, in effect, required to return the vehicle in substantially the same condition it was in at the time he received it." The court further determined that the buyer was required to return the vehicle as a condition to maintaining the action and said at page 979: "By instituting an action for the return of the consideration paid by him on account of the purchase of the car, he is, in effect, asserting that the contract as to him is void and as a consequence that he has received no rights in the vehicle which necessarily implies that he claims no right to the possession thereof."

In *Baum* v. *Aleman,* 139 Cal.App.2d Supp. 929 [293 P.2d 162], the plaintiff vendor repossessed an automobile sold under a conditional sale contract. He then brought an action to recover the balance due on the contract. The defendant cross-complained, claiming that the written contract was invalid because it did not set forth the time price differential as required by section 2982. It was there held that the defendant was entitled to relief on his cross-complaint subject to an offset for the reasonable value of the use of the car.

Subdivision (c) of section 2982, setting the maximum time price differential, was violated by Muntz. Subdivision (e) of that section states the effect of such violations: ". . . the conditional sale contract shall not be enforceable, except by a bona fide purchaser for value, and the buyer may recover from the seller in a civil action the total amount paid on the contract balance by the buyer to the seller or his assignee pursuant to

the terms of such contract.'' It is the plaintiff's contention that because subdivision (e) does not provide for an offset, none can be allowed. He seeks the return of the consideration paid by him without deduction for the benefits he has received under the contract. He further seeks to recover the vehicle. Plaintiff's contentions in this regard are based upon his construction of section 2982, subdivision (e), as a penalty clause. Section 2982 as enacted in 1945 (Stats. 1945, ch. 1030, § 2) provided in subdivision (c): ''. . . If the seller, except as the result of an accidental and bona fide error in computation, shall violate any provision of this subsection (c) [calculation of the time price differential], the conditional sale contract shall not be enforceable except by a purchaser for value, and the buyer may recover from the seller in a civil action three times the total amount paid on the contract balance by the buyer to the seller or his assignee pursuant to the terms of such contract.''

The present subdivision (e) of section 2982 provides for recovery from the seller of the ''total amount paid on the contract balance.'' The term ''contract balance'' is defined in section 2981 as follows: '' 'Contract balance' shall mean the amount unpaid under the conditional sale contract, which the buyer agrees to pay in installments as provided therein.'' No express provision is made in subdivision (e) for an offset. Recovery of the ''total amount paid on the contract balance,'' plaintiff contends, precludes the right to an offset. The Legislature, it is asserted, in repealing the provision for treble damages retained the foregoing penalty as a sanction for violation of subdivision (c). A construction of subdivision (e) as retaining a penalty for violation by the seller of subdivision (c) is consistent with the history of the enactment and the purposes of the legislation and would support the plaintiff's contention that Muntz cannot diminish the plaintiff's recovery of the total amount paid by him on the contract balance by deducting therefrom the amount of the offset. The penalty does not, however, attach to Seaboard in this case as assignee of the contract and furnishes no basis for denying the offset to it as the holder in this action by the buyer for rescission of the contract.

Seaboard contends that under the decision of this court in *Carter* v. *Seaboard Finance Co., supra,* 33 Cal.2d 564, it is not bound to return any consideration to the plaintiff. The Carter case was an action for damages for fraud, usury, and violation of section 2982. Two transactions were involved. In the

first, Seaboard sold a truck and trailer on which it held a chattel mortgage. The sale was held to be a conditional sale within section 2982 and Seaboard as the seller was held liable for violation of that section. In the second transaction, Seaboard was held to have "merely financed the sale" of a truck and trailer and was not, therefore, liable for the failure of the seller to comply with the provisions of section 2982. No assignment of a conditional sale contract was there involved.

The plaintiff here contends that Seaboard is liable as a party to the original transaction between Muntz and himself under the rule announced in *King* v. *Curtis,* 133 Cal.App.2d Supp. 806 [284 P.2d 983]. In that case, the defendant, Morris Plan Company, was named in the conditional sale contract as the party to which the contract was to be assigned and it was mutually agreed that the contract would be thus assigned. The plaintiff paid the vendor for insurance as a part of the consideration. The contract provided that the vendor should pay the insurance premiums. The contract was assigned to the defendant Morris Plan Company. The plaintiff was injured, and lost $500 as a result of the failure of the vendor to obtain the insurance. A judgment of nonsuit in favor of the assignee Morris Plan Company was reversed on the ground that Morris Plan, as a party to the original transaction, was required to obtain the insurance. In the present case the contract was printed on a form supplied to Muntz by Seaboard; it contained Seaboard's name in the assignment clauses. However, it does not appear that Seaboard violated any undertaking to the plaintiff under the contract. The record fails to sustain the plaintiff's contention that Seaboard participated in the original transaction so as to make it liable with Muntz as a party to the transaction.

Seaboard now holds both the vehicle which it forcibly repossessed and the payments made by the plaintiff. The Carter case does not otherwise prevent recovery by the plaintiff of the consideration paid by him to Seaboard. Civil Code, section 3408, directs: "On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require." The offset compensated Seaboard for the detriment resulting from the use by the plaintiff of the automobile.

It is concluded that section 2982, subdivision (e), imposes a penalty upon the seller which precludes the allowance of the offset. No such penalty is imposed upon the holder. Judgment

should have been entered against Muntz for the amount of the down payment and installments made by the plaintiff to Seaboard without the offset, but Seaboard was entitled to the offset.

Inasmuch as the trial court erroneously allowed the defendant Muntz Car Company of California the offset found to be $2,000, the judgment against that company is modified by striking therefrom the sum of $1,633.30 and inserting in lieu thereof the sum of $3,633.30. As so modified the judgment is affirmed. Costs on appeal are allowed to the plaintiff as against the defendant Muntz Car Company of California. The plaintiff and the defendant Seaboard Finance Company shall bear their own costs.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.

Appellant's petition for a rehearing was denied September 10, 1958.