[Civ. No. 10113.    Third Dist.    Dec. 8, 1961.]

DANIEL KATSAROS, Plaintiff and Respondent, v. O. E. SAUGSTAD COMPANY, Defendant and Appellant.

Joseph P. Van Den Berg for Defendant and Appellant.

Bradford, Cross, Dahl & Hefner and John Quincy Brown, Jr., for Plaintiff and Respondent.

SCHOTTKY, J.—Daniel Katsaros brought an action against O. E. Saugstad Co., a corporation, to recover the total amount of the contract balance paid under an automobile sales contract. Katsaros purchased an automobile from Saugstad. The contract as written provided for a time price differential of $460.97, while the maximum differential allowable under subdivision (c) of section 2982 of the Civil Code was either $250 or $275. The total contract balance was $2,960.97. Katsaros made three monthly payments totaling $239.20, and then on June 24, 1958, he paid the assignee of the automobile sales contract the sum of $2,492.54 as payment in full, making a total of $2,731.74. Katsaros then learned that the time price differential was in excess of that provided by law. He demanded that Saugstad refund the overcharge but the request was refused. On July 21, 1958, Katsaros sold the vehicle to a third party for $2,695. He brought this action in March 1959 to recover the sum of $2,731.74.

The court rendered judgment in favor of Katsaros for $2,731.74, the sum paid by him on the contract, and denied Saugstad recovery on its counterclaim for depreciation on the Ford automobile as a reduction to Katsaros' claim (Saugstad did not ask for the return of the vehicle).

The only contention made is that the court erred in holding that Katsaros was entitled to retain possession of the automobile and rescind the conditional sale contract because of a violation of section 2982 of the Civil Code and recover the entire contract balance.

Section 2982, subdivision (e), of the Civil Code, as it was in effect at the time of the transaction involved herein, provides: "If the seller, except as the result of an accidental or bona fide error in computation, shall violate any provision of subdivisions (c) or (d) of this section, the conditional sale contract shall not be enforceable, except by a bona fide purchaser for value, and the buyer may recover from the seller in a civil action the total amount paid on the contract balance by the buyer to the seller or his assignee pursuant to the terms of such contract."

Subdivision (c) provides that the amount of the time price differential cannot exceed 1 per cent of the unpaid balance

multiplied by the number of months elapsing between the date of the contract and the due date of the last installment. However, it does provide for a $25 minimum.

The contract was signed on February 13, 1958. The final payment was due December 15, 1958. The total time price differential allowable as found by the court was $275. The refusal to refund the excess was found to be wilful. So in the terminology used in decisions, Saugstad's violation was substantive and it was liable for the penalty imposed by section 2982, subdivision (e), of the Civil Code.

Section 2982, subdivision (e), provides the buyer may recover the total amount paid on the contract. In the case of a substantive violation a buyer may recover from the seller the payments made and the down payment without the right of offset. For as stated in *Lewis* v. *Muntz Car Co.*, 50 Cal.2d 681, 687 [328 P.2d 968], a case which involved a substantive violation by the seller, ''It is concluded that section 2982, subdivision (e), imposes a penalty upon the seller which precludes the allowance of the offset. No such penalty is imposed upon the holder. Judgment should have been entered against Muntz [the seller] for the amount of the down payment and installments made by the plaintiff to Seaboard without the offset, . . .''

In *General Motors Acceptance Corp.* v. *Kyle*, 54 Cal.2d 101 [4 Cal.Rptr. 496, 351 P.2d 768], it is said at page 111: ''The seller whose violations are formal only can have an offset 'in an amount representing the depreciation in value of the car occasioned by the use made of it by the buyer while in his possession, which necessarily excludes any allowance for depreciation resulting from a general decline in the market value of such automobile during the period in question' (*Williams* v. *Caruso Enterprises* (1956) 140 Cal.App.2d Supp. 973, 980 [5, 6] [295 P.2d 592]); because the buyer is a member of a protected class, the offset is not measured by the rental value of the car, for such measure would improperly allow the seller a profit, and the seller can in no event recover on the theory of offset more than an amount equal to that which the buyer is entitled to recover (*id.*). The seller who is guilty of intentional substantive violations is penalized by not allowing him an offset. (*City Lincoln-Mercury* case, *supra* pp. 275-276 [11a-11b], 277 [14] of 52 Cal.2d [267, 339 P.2d 851]; *Lewis* case, *supra*, pp. 686-687 [2] of 50 Cal.2d [681, 328 P.2d 968].)''

In the *Lewis* case the court rejected without particular discussion the buyer's contention that he should be able to re-

cover the car from a repossessing assignee of a seller whose violations were substantive and formal. In the *General Motors Acceptance* case the court said that where the seller is guilty of a substantive violation no offset is allowed in an amount representing the depreciation in value of the car occasioned by the use made of it by the buyer while in his possession, which necessarily excludes any allowance for depreciation resulting from a general decline in the market value of such automobile during the period in question.

No case has been cited in which the buyer paid off the balance due on the car and then sued to recover the payments made to a seller guilty of a substantive violation of subdivision (e) of section 2982. If the suit is brought under the statute, then the buyer should be allowed to recover the payments made under the contract. The suit here was to recover $2,731.74, the balance paid under the contract. Under subdivision (e) of section 2982 recovery of the payments would be proper. The question is whether the car should be forfeited. The statute is silent upon this question.

In the *General Motors Acceptance* case the Supreme Court said at page 112: "The *Williams* case (1956), *supra,* p. 979 of 140 Cal.App.2d Supp., where the violation was formal, in the course of able and helpful discussion of the problems posed by the subject legislation, contains the following dictum: The buyer, 'if sued for the possession of the automobile or installments accrued under the contract, doubtless could successfully defeat the action without surrendering the car or making the payments due under the contract.' Insofar as this dictum may suggest that a defaulting buyer sued by a seller who has committed merely formal violations of section 2982 can keep the vehicle and pay nothing, it is disapproved." There was a further statement in the *Williams* case which was not referred to in the *General Motors Acceptance* case which qualified the statement by the following (p. 979): "[I]t does not follow that he may retain the automobile and also recover whatever sums he may have paid on account of the purchase price. . . . By instituting an action for the return of the consideration paid by him on account of the purchase of the car, he is, in effect, asserting that the contract as to him is void and as a consequence that he has received no rights in the vehicle which necessarily implies that he claims no right to the possession thereof." This holding was approved in the *General Motors Acceptance* case at pages 111 and 112. It

should be noted that the violation in the *Williams* case was formal and that the violation in the *Lewis* case was substantive.

While the precise question involved in the instant case has not so far as we are aware been decided, we are of the opinion that since both the *Lewis* case and the *Williams* case indicate that the buyer must return the vehicle he contracted to buy if he wishes to avoid the contract, the court erred in the instant case in holding that respondent could recover all money paid without restoring the automobile to the seller. As stated in the *General Motors Acceptance* case, "The seller who is guilty of intentional substantive violations is penalized by not allowing him an offset." We do not believe that the Legislature ever intended to impose upon automobile dealers guilty of a substantive violation such as occurred in the instant case any greater penalty than that he must return to the buyer the payments made and be deprived of any offset by reason of the use of the automobile by the buyer. Neither reason nor justice requires that the buyer be enriched more than this. The object of the statute is to protect the buyer, not to provide him with a windfall.

The conclusion we have reached is fortified by the enactment of section 2983.1 of the Civil Code by the 1961 Legislature. This section provides in part as follows: "When a conditional sale contract is not enforceable under Sections 2983 or 2983.1, the buyer may elect to retain the motor vehicle and continue the contract in force or may, with reasonable diligence, elect to rescind the contract and return the motor vehicle. The value of the motor vehicle so returned shall be credited as restitution by the buyer without any decrease which results from the passage of time in the cash price of the motor vehicle as such price appears on the conditional sale contract."

In the final report of the Assembly Interim Committee on Finance and Insurance, dated December 1960, it is stated at page 34: "The present state of the law, therefore, presents two serious problems to the buyer whose contract is illegal or fraudulent and who is dissatisfied with this state of affairs. He knows that should he successfully prosecute a civil action, the offset allowed the dealer may be so large, or nearly so large as the payments he will recover from him, and he will thus end up with no car at all and very little or no money to show for it. He knows also that the law as it now stands is so vague and uncertain that the results of a successful suit cannot be known, or even reasonably appraised in advance of the judg-

750

ment itself, and the dealer has everything to gain and nothing to lose in fighting the case as long as he possibly can.''

The amendments have clarified the law as to the right of the dealer's offset, but the amendments were not intended to change the case law insofar as it concerns what the decisions have called substantive violations.

The judgment is reversed.

Peek, P. J., and Pierce, J., concurred.