[Civ. No. 20162. First Dist., Div. Two. Dec. 18, 1961.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff and Appellant, v. WALLACE H. NIELSEN et al., Defendants and Respondents.

Samuel B. Stewart, Theodore Sachsman and Curtis M. Karplus for Plaintiff and Appellant.

Robert L. Winslow and Rawles, Nelson & Golden for Defendants and Respondents.

AGEE, J.—Plaintiff-appellant bank appeals from a judgment in favor of defendants-respondents Crnkovich and Nielsen in an action to recover a deficiency balance of $747.95 under an automobile conditional sale contract which had been assigned to the bank by the seller, Mendocino Motor Sales Co.

Crnkovich bought the automobile from the seller on May 7, 1956, and signed a conditional sale contract in blank, which did not then contain the data required by section 2982, subdivision (a), of the Civil Code, nor was an exact copy of the contract delivered to him at the time of its execution. The contract was therefore illegal and unenforceable insofar as the recovery of any deficiency thereon is concerned. (*City Lincoln-Mercury Co.* v. *Lindsey,* 52 Cal.2d 267, 274 [339 P.2d 851].) The rule applies to a bona fide purchaser of the contract for value (the bank) as well as to the seller. (*General Motors Accept. Corp.* v. *Kyle,* 54 Cal.2d 101, 108 [4 Cal.Rptr. 496, 351 P.2d 768].)

About two weeks after he signed the conditional sale contract, Crnkovich received a completed copy in the mail. As completed, the contract contained defects which violated the provisions of section 2982, subdivision (a). The contract failed to recite, "5. A description and itemization of amounts . . . which will actually be paid by the seller . . . to any public officer as fees in connection with the transaction, which are included in the contract balance" (Civ. Code, § 2982, subd. (a) 5) but simply states "5. Fees paid: Notary Public $_____, Registration and Transfer $2.00, other $29.86, [total] $31.86." Similar defects were held to constitute material violations of section 2982, subdivision (a), in *General Motors Accept. Corp.* v. *Kyle, supra,* and in *Stasher* v. *Harger-Haldeman* (1961), *(Cal.App.) [16 Cal.Rptr. 557]. There was testimony at

---

*A hearing was granted by the Supreme Court on December 20, 1961. The final opinion of that court is reported in 58 Cal.2d —— [—— Cal. Rptr. ——, —— P.2d ——].

the trial that the $29.86 classed as "other" fees was not a charge for fees of public officials but was a charge for life insurance on the contract. Section 2982, as then in effect, required that the cost to the buyer of any insurance, the premium for which is included in the contract balance, shall be recited separately and in order as item 4 in the contract.

 The contract is also deficient in this particular: Item 7 in the contract reads as follows: "Finance Charge: Is Life Ins. Desired? Yes_____No_____. If yes $_____ Time Price Differential $_____ $271.46." This was the figure typed on the copy of the contract mailed to Crnkovich. In some of the other copies contained in the record is superimposed the handwritten figure "3" over the typed "2." Witness Davis, president of Mendocino Motor Sales, who signed the conditional sale contract, testified that the only reason he could see for the change was that the "2" was a typographical error. It was argued that this error was apparent, since the correct figure of $371.46 might be arrived at by mathematical computation involving items 6 and 8 on the form, and that therefore there was a substantial compliance with section 2982, subdivision (a). (It is tacitly conceded that $371.46 is the correct figure.)

 However, the courts have held that "The very purpose of the code section would be defeated and nullified if the buyer was required to determine the time price differential by a mathematical process arrived at from an analysis of the seller's figures. The law requires that this item must be recited in the contract and not left to a mathematical compilation by the buyer." (*Adams* v. *Caruso Enterprises Inc.* (1955) 134 Cal.App.2d 403, 408-409 [285 P.2d 1022].) "The intended warning will not be effective if the buyer cannot see at first glance the data which the statute requires to be called to his attention." (*City Lincoln-Mercury Co.* v. *Lindsey* (1959) 52 Cal.2d 267, 273 [339 P.2d 851].) Moreover, it appears from the contract form that the figure entered in this item is a "Finance Charge." The space provided for and designated "Time Price Differential" is left blank.

On April 5, 1957, respondent Crnkovich executed a "Transfer of Equity" on a form provided by the bank, whereby he sold his equity in the automobile to respondent Nielsen, who agreed therein to assume and pay the obligations imposed by the conditional sale contract.

The contract went into default on June 25, 1957. Thereafter the bank repossessed the automobile and sold it to the highest bidder. The unpaid balance, after deducting all charges and

expenses, was $747.95. The bank sued both respondents for this amount but was denied recovery as to either because of the failure to comply with the provisions of the Civil Code, section 2982, subdivision (a).

Respondent Crnkovich recovered a judgment for $100 on a cross-complaint against respondent Nielsen based on Nielsen's failure to deliver to Crnkovich an old truck which was the agreed consideration for the transfer of Crnkovich's equity in the automobile. Nielsen has not appealed from this judgment.

### The Appeal Against Crnkovich

The bank contends that the resale of the automobile by Crnkovich to Nielsen is a "special circumstance" which estops Crnkovich from asserting the defense of section 2982, subdivision (a). Appellant cites *Wells* v. *Comstock,* 46 Cal. 2d 528 [297 P.2d 961], an illegal stock transaction case, to the effect that while the general rule is that a person cannot be estopped from asserting the illegality of a transaction, there may be exceptions to this rule where there are "special circumstances." (P. 532.) The *Wells* case applied the general rule and did not specify what circumstances would justify an exception.

The other case cited by appellant is *City Lincoln-Mercury Co.* v. *Lindsey, supra,* wherein the purchaser of an automobile under a conditional sale contract had afterwards entered into a written agreement with the seller's assignee, a bank, providing for an extension of the time payments and adding that, except for this modification, the original conditional sale contract should remain in full force and effect. The bank later assigned the contract back to the seller, who repossessed the automobile, sold it, and sued the purchaser for a deficiency. The purchaser set up the same defense as that involved herein, to wit, that the data required by section 2982, subdivision (a), had not been inserted at the time he signed the contract and a completed copy thereof was not delivered to him until several days thereafter. The seller contended that the purchaser had waived the defects in the original contract and was estopped to assert its illegality because of his execution of the revision agreement at a time when he had been delivered a completed copy of the conditional sale contract. The court pointed out that the revision agreement was only a minor amendment and obviously was not intended as a new conditional sale agreement. It then stated: "Moreover, no waiver or estoppel can be based on the revision agreement. A party to an illegal

contract cannot ratify it, cannot be estopped from relying on the illegality, and cannot waive his right to urge that defense. [Citing numerous California decisions.] This rule has been applied in cases where the person asserted to have waived the illegality was not *in pari delicto* and was one of those for whose protection the statute involved was enacted. [Citing cases.] Even if we were to assume that there are exceptions to the rule, as might be suggested by language used in the *Wells* case, 46 Cal.2d at page 532, we find nothing in the record which would justify the making of an exception here.

"It thus appears that the seller may not enforce the conditional sale contract, and the judgment must be reversed insofar as it allows the seller to recover the amount of the deficiency." (P. 274.)

In the instant case, the position of respondent Crnkovich with relation to the conditional sale contract was unchanged by the execution of the "Transfer of Equity" agreement. In the latter he expressly agreed that "this transfer shall not relieve him of liability under said Document, [contract] and hereby promises to pay upon demand all sums due thereunder." Just as pointed out in the *City Lincoln-Mercury* case, at page 273, the "Transfer of Equity" agreement in the instant case was "not a re-execution or complete substitution of the original contract so as to render the illegality immaterial. . . ."

Appellant admits in its brief that it has not found any authorities defining what "special circumstances" would justify an exception to the general rule. We find that the resale of the automobile by respondent Crnkovich to respondent Nielsen is not such a special circumstance.

### The Appeal Against Nielsen

The bank contends that Nielsen was not a member of the class intended to be protected by section 2982, subdivision (a). The argument is that the section is not available as a defense to a person, not a party to the sale at which violations of the section occurred, who purchases a vehicle from the original purchaser. The record shows, however, that Nielsen was not a stranger to the conditional sale contract but, in effect, became a party to it.

The transfer agreement entered into by the parties on April 5, 1957, provides that Crnkovich, owner of the vehicle and purchaser under a conditional sale contract held by the bank, in consideration of $500 paid him by Nielsen, ". . . *transfers all his right, title, and interest in and to said property to Buyer.*

*"Buyer in consideration of said transfer hereby assumes and agrees to pay the obligations imposed by said Document* [the contract], *and agrees to abide by all covenants and terms contained therein as fully as though said Buyer had originally executed the same.* [Italics added.]

"Seller agrees that this transfer shall not relieve him of liability under said Document, and hereby promises to pay upon demand all sums due thereunder." By this instrument, printed on a form supplied by the bank, Nielsen succeeded to the interests held by Crnkovich under the contract.

Civil Code section 2981 provides: "As used in this section and in Section 2982 of the Civil Code, unless the context otherwise requires:

. . . . . . . . . . . .

"(c) 'Buyer' shall mean the person who buys or hires property under a conditional sale contract, *or any legal successor in interest of such person.*" (Italics added.) This can be taken as a clear manifestation of legislative intent that one standing in Nielsen's shoes be included within the class protected by section 2982, subdivision (a). Moreover, the defects in the contract existed not only at the time Crnkovich belatedly received his copy of the contract from the seller, but also at the time Nielsen executed the transfer agreement.

This latter agreement, on the bank's form, operated to put Nielsen as nearly in the status of Crnkovich as was possible without effecting a novation. It would be a strange rule which now allows the bank to successfully contend that though Nielsen is obligated under the conditional sale contract he may not claim defenses arising from statutory violations in the execution of that instrument. The bank urges that authority for such a rule may be found in Williston on Contracts, (3d ed.) volume 2, section 399, to the effect that one who assumes an obligation, the amount of which is deducted from the consideration he pays for property subject to a security interest, may not set up certain defenses which might have been available to his transferor, the original debtor. The rationale of the rule of interpretation urged by the bank is that one who agrees to pay a specific debt owed by the promisee has made for himself the decision that no impediment inheres in the original obligation. (See Williston on Contracts, *supra.*) But here Nielsen's promise is not to pay a specific sum of money which, on the face of transfer agreement, is claimed to be owed by Crnkovich. The "Transfer of Equity" agreement is one by which Nielsen "assumes and agrees to pay the obliga-

tions imposed by said Document [the contract].'' More apt here is the observation by Williston in the above cited section that ''If the promisor's agreement is to be interpreted as a promise to discharge whatever liability the promisee is under, the promisor must certainly be allowed to show that the promisee was under no enforceable liability.''

Moreover, the express language of section 2981, defining the term ''buyer,'' appears to be determinative of the issue, dictating the conclusion that Nielsen was within the class entitled to the protection of section 2982, subdivision (a)*, and that, therefore, he was entitled to show that the original obligation as imposed by the conditional sale contract was illegal and unenforceable.

The judgment is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

*Sections 2981 and 2982 were repealed in 1961 (Stats. 1961, ch. 1626, §§ 1 and 2, effective January 1, 1962) and new sections 2981 and 2982 were added by Statutes 1961, chapter 1626, section 4, effective January 1, 1962; it was expressly provided in section 6 of the new statute that it was to take effect on January 1, 1962, and was not to apply to conditional sales contracts executed prior thereto. All references herein to sections 2981 and 2982 are therefore as these sections existed at the times in question.