**COMET THEATRE ENTERPRISES, Inc. v. CARTWRIGHT et al.**

No. 13017.

United States Court of Appeals
Ninth Circuit.

March 14, 1952.

Maurice J. Hindin, Los Angeles, Cal., for appellant.

Tripp & Callaway, Los Angeles, Cal., for appellees.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment against Comet Theatre Enterprises, Inc., hereafter Comet, a California corporation, plaintiff in an action against appellees, citizens of Utah, on a common count for money had and received. Recovery was sought by Comet of money voluntarily paid to the defendants for their full performance of a contract for services of a supervisory nature rendered by the defendants to Comet in connection with the construction of the latter's drive-in theatre. Comet contends that it is entitled to judgment because, as admitted, the defendants were not licensed under California Business and Professions Code, Sections 7025–7031.

On the basis of the Findings of Fact below, we conclude that the defendants were contractors within the meaning of the Business and Professions Code.

That Code required contractors to procure a license from a board created by the Act. The effect of the defendants' failure to get a license is stated in Loving & Evans v. Blick, 33 Cal.2d 603, 204 P.2d 23 where the California court held a contract made by an unlicensed contractor is illegal and void. The only provisions of the Act imposing sanctions on unlicensed persons are Section 7030 making failure to get a license a misdemeanor and Section 7031 providing that they cannot sue to recover compensation for services and goods furnished to another person.

There is no provision in the Act that when the unlicensed persons have completely performed a contract for agreed services and the person so benefited voluntarily has paid the agreed consideration he may recover back the money so paid. Here to add to the two specific provisions, to make effective the licensing requirement, a right in Comet to retain the value of the services of the appellees and also to recover back the fair amount Comet had paid for its services is not necessary to effectuate the policy of the statute. This seems a case for the application of the rule expressio unius est exclusio alterius. It differs from the case of Elmers v. Shapiro, 91 Cal.App.2d 741, 205 P.2d 1052, where a veteran who was overcharged on the purchase of his home was allowed to recover that amount from the seller even though he had paid the money voluntarily. There the Veterans' Housing Act which had been violated expressly provided that a purchaser could recover back overcharges.[1]

Comet voluntarily paid the consideration for what it received, acting under a mistake of its legal rights under § 7031 which provides: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the perform-

---

1. Section 7(d), Veterans' Emergency Housing Act of 1946, 60 Stat. 207 et seq., 50 U.S. C.A.Appendix, § 1821 et seq.

ance of such act or contract." Had Comet when it paid appellees for their services known of its legal power under § 7031 to refuse payment and to set up that section as a perfect defense to any action brought by defendants, it then would have refused. Here is a clear case of a consummated illegal transaction where Comet acted under a mistake of law, much like the case of Harralson v. Barrett, 99 Cal. 607, 34 P. 342. There a mortgagor had agreed with his mortgagee to pay a mortgage tax prohibited by the California constitution. Payment was made under this invalid agreement and the court refused to allow the mortgagor a credit for this payment on the ground that if he voluntarily fulfills his promise to pay interest, it is through a mistake of law and he is bound by his own act.

To determine in this case the effect of Comet's mistake of law, we cannot find California decisions under §§ 7025–31 of the Business and Professions Code which have squarely decided the same issue. There are (1) cases where a business has been carried on illegally without a license and one of the participants has sued the other for an accounting of the profits after the illegal business is completed and (2) cases which have dealt with recovery back of performance by parties to contracts affected by kinds of illegality different from that in this case.

In the first class is Norwood v. Judd, 93 Cal.App.2d 276, 209 P.2d 24, where the parties were partners and carried on a contracting business without a license required by § 7028 of the Act here involved. All the business done by the partners had been completed. Judd who was to wind up the business agreed to give Norwood one-third of the partnership assets. Judd later refused to perform his promise claiming the illegality of the partnership contract. The court held that though the partnership agreement was illegal and one under which neither partner could sue for the other's non-performance, nevertheless that agreement not being malum in se and having been fully performed, the fact that it was illegal would not prevent the court's enforcing Judd's promise to his partner to give him his share of the assets.

Denning v. Taber, 70 Cal.App.2d 253, 160 P.2d 900, is another case of a court allowing one party an accounting of profits after the illegal contract—operation of a saloon business without a license—is consummated.

In the second class of cases, there are those which have denied recovery back and those which have allowed it. Among the former is Miller v. California Roofing, 55 Cal.App.2d 136, 130 P.2d 740, where the defendant had sold securities to its employee, the plaintiff, in violation of the Corporate Securities Act. The court decided that the plaintiff could not recover back the purchase price because he had actively solicited the sale and was in pari delicto with the defendant. The case is not actually authority here, however, since we accept the general California rule that one for whose benefit a statute is passed cannot be in pari delicto.[2] Comet, an owner of property, is within the class protected by the Contractor's License Law and is not in pari delicto. For this reason, Restatement of Contracts § 598, providing that a party to an illegal bargain can neither recover damages for breach nor recover back the performance he has rendered, has no application.[3]

Another case where recovery back was denied is Myers v. City of Calipatria, 140 Cal.App. 295, 35 P.2d 377, where a city employee met an illegal demand of the City Council to pay the salary of a deputy clerk from his own pocket. He was denied recovery on the ground that though the demand was illegal the transaction would not be opened by the court. This result is the same as that stated in Restatement of Restitution § 45.[4] "Except as otherwise stated in §§ 46–55, a person who, induced thereto solely by a mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the

2. Elmers v. Shapiro, 91 Cal.App.2d 741, 754, 205 P.2d 1052.

3. See Comment a to § 598.

4. Cf. Illus. 7 of § 45.

performance given, is not entitled to restitution."

 This rule is distinguished from that in the Restatement of Contracts § 604 that where the parties to an illegal contract are not in pari delicto, and one of them has not been guilty of serious moral turpitude, he may recover the value of any performance which he has rendered. The statement of the rule implies that the other party has been guilty of serious moral turpitude. It does not apply to this case since here we have no proof of moral turpitude or anything other than that the defendant was without the license required by California law.

In these recovery back cases, one is cited to us which has reached a result different from the above cases and has allowed recovery back. It is Miller v. McKinnon, 20 Cal.2d 83, 124 P.2d 34, 140 A.L.R. 570 where a taxpayer suing on behalf of his county recovered back moneys paid a contractor in violation of a statute requiring competitive bids on all public contracts. Cf. Restatement of Restitution, § 46(a) This kind of case where a subdivision of government is seeking recovery back is treated by the Restatement of Restitution as an exception to the general rule of no recovery back where there has been an exchange of values. This exception undoubtedly has some basis in a policy to protect public bodies from the collusive agreements made by their agents with outsiders.

Holm v. Bramwell, 20 Cal.App.2d 332, 67 P.2d 114, has also been cited to us; but we regard it as not in point. There a licensed prime contractor sought to include in his mechanic's lien against the property of the defendant the value of services rendered by an unlicensed subcontractor whom the prime contractor had paid. In denying this, the court was merely applying § 7031 of the Business and Professions Code, for if the unlicensed subcontractor could not have such judicial relief, the prime contractor, who has paid him the value of his services and who now stands in his shoes as against the property owner, can stand in no better position.

The appellant has strongly contended that the statute was passed for its benefit and that rescission and restitution are necessary to protect its rights. On this the Restatement of Contracts § 601 provides for such relief only where its refusal will harm the parties for whose benefit the statute making the contract illegal exists. We cannot perceive how such refusal in this case would harm the plaintiff since there is no proof that the services which were rendered to him were defective or that he in any other way did not receive value for the money which he paid. There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected.[5]

The judgment is affirmed.

---

5. Lack of the expected exchange is also the touchstone for restitution after mistake of fact. See § 15, Restatement of Restitution.