## CIRCUIT COURT OF SMYTH COUNTY

Richard A. Davis et al.

v.

Arvin D. Hayden

July 3, 1990

Case No. (Law) 3002

By JUDGE CHARLES H. SMITH, JR.

The plaintiffs filed this action on February 1, 1990, seeking judgment against the defendant for $92,000.00, the ultimate contract price paid by the plaintiffs for a dwelling constructed for them by the defendant. The plaintiffs contend that they are entitled to recover this amount due to the fact that the defendant violated Section 54.1-1103 of the Code since he failed to procure a Virginia contractor's license prior to commencement of construction. It is alleged that a proper license was not obtained until December 1, 1989. The defendant has demurred to the motion for judgment stating that it is deficient and does not state a cause of action for which relief can be granted. Specifically, the defendant contends that since the contract has been completely executed, the statute in question does not entitle the plaintiffs to recoup the monies paid and also retain the benefit of their bargain. The defendant concedes that the plaintiffs might state a cause of action for damages allegedly sustained as the result of any breach in the performance of said contract.

Section 54.1-1103 of the Code provides as follows:

No person shall engage in, or offer to exchange in, Class A contracting work in this Commonwealth

unless he has been licensed under the provisions of this chapter . . . .

Section 54.1-1115 of the Code provides, in part, as follows:

A. The following acts are prohibited and shall constitute the commission of a Class I misdemeanor:

(1) Contracting for, or bidding upon the construction, removal, repair or improvements to or upon real property owned, controlled, or leased by another person without a license or registration.

(2) Attempting to practice contracting in this Commonwealth, except as provided for in this chapter . . . .

B. Any person who undertakes work without a valid license or proper registration when a license or a registration is required by this chapter may be fined an amount not to exceed $200 per day for each day that such person is in violation, in addition to the authorized penalties for the commission of a Class I misdemeanor.

C. No person shall be entitled to assert the lack of licensure or registration as required by this chapter as a defense to any action at law or suit in equity if the party who seeks to recover from such person gives substantial performance within the terms of the contract in good faith and without actual knowledge of the licensure and registration requirements of this chapter.

The defendant relies upon the case of *Grenco v. Nathaniel Green*, 218 Va. 228 (1977), in support of its position. In that case, the plaintiff filed a motion for judgment seeking to recover from the defendant certain real estate commissions which the plaintiff alleged it paid the defendant for selling certain land. The plaintiff claimed that, because the defendant was not licensed to sell real estate as required by the Virginia Code, a contract between them providing for commissions was

illegal and that, therefore, the defendant had unlawfully obtained a commission. The Supreme Court stated:

> It is well established that, because a contract made in violation of the real estate licensing statutes is illegal, an unlicensed agent cannot recover compensation for his services in negotiating a sale under the contract . . . . Undecided in this jurisdiction, however, is the question whether a seller may recover commissions already paid if, at the time the contract was executed, he knew the agent was unlicensed.

In enunciating the rule for Virginia, the Supreme Court relied upon the California case of *Comet Theatre Enterprises, Inc. v. Cartwright*, 195 F.2d 80 (9th Cir. 1952). That case involved a suit against an unlicensed contractor to recover monies paid for full performance of a contract to construct a building. In deciding that the plaintiff could not recover the monies so paid, the Court noted that the California Licensing Act contained no provision for same and that it was not necessary to add such a right in order to effectuate the policy of the statute. The Virginia Supreme Court in noting (a) that our licensing statutes did not permit recovery of money paid to an unlicensed agent; (b) that our licensing statute did impose a criminal penalty for failure to obtain a license; and (c) that our case law barred an unlicensed agent from recovering compensation for his services declared the rule in Virginia to be as follows:

> This Court, therefore, need not declare a right in the seller to recover money voluntarily paid for the completed services of an unlicensed agent.
>
> We adopt this rule: If, with knowledge that an agent is unlicensed, an owner contracts with the agent to sell the owner's real estate, the services are performed as the contract requires, and the owner pays the stipulated compensation, the owner cannot recover the amount so paid.

The defendant, on the other hand, has no quarrel with the rule but contends that it is applicable only to those plaintiffs who contract with an unlicensed contractor "with knowledge" that he is unlicensed. They contend that the defendant misrepresented to them that he was licensed, a fact which, for purposes of the demurrer, is taken as true, and that, being without knowledge to the contrary, they should not be barred from recouping the monies paid. The plaintiffs point out, and correctly so, that the Court in the *Grenco* case remanded to the trial court for a determination on the factual issue of whether the plaintiff knew the real estate agent was not licensed. Does that then mean that a finding of no knowledge would entitle the plaintiff to recover the commissions previously paid or, as in this case, the contract price? I do not believe the *Grenco* case can be interpreted so broadly.

The licensing regulations pertaining to building contractors do not differentiate between those unlicensed contractors dealing with clients with knowledge versus those without knowledge. The licensure statutes for contractors were passed as an exercise of the police power of the State, are penal in nature and are designed to protect the public from inexperienced, unscrupulous, irresponsible, or incompetent contractors. The penal and civil sanctions that may be meted out to unlicensed contractors are equally applicable without regard to the issue of knowledge. By the same token, the statutes, being penal in nature, acts upon the offender alone and provides no remedy to the offended party nor makes provision for reparation. Such statutes must be strictly construed.

The court must impute to the General Assembly a general knowledge both of its statutes and of cases decided interpreting the same. The General Assembly has amended the statutes in question on several occasions. It has, indeed, even added an ameliorative provision (Section 54.1-1115(C)) to perhaps allow contractors recovery where it has been denied them in the past. They have not, however, seen fit to suggest or implement any remedial provision for the benefit of those making claims against unlicensed contractors. This is not, of course, to say that those so situated are without a remedy. As the Court noted in the *Grenco* case:

This rule is not applicable, however, where the bargained-for performance proves defective. In such a situation, we have expressly held that an unlicensed contractor is liable in damages for defective performance even though, at the time the contract was executed, the owner knew the contractor was unlicensed . . . .

For the reasons stated, I am of the opinion that the motion for judgment does not state a cause of action for which relief can be granted and that the demurrer should be sustained.