**Rey MARILAO, for himself and All Others Similarly Situated, Plaintiff,**

v.

**McDONALD'S CORPORATION, a Delaware corporation doing business in California; and Does 1 through 20, inclusive, Defendants.**

**Case No. 09–CV–01014–H (NLS).**

United States District Court, S.D. California.

June 25, 2009.

---

Stephen B. Morris, Morris and Associates, San Diego, CA, for Plaintiff.

James F. Speyer, Mark P. Pifko, Arnold & Porter LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS THE COMPLAINT

MARILYN L. HUFF, District Judge.

On April 6, 2009, Plaintiff Rey Marilao filed a class action complaint in the Superior Court of California, in and for the County of San Diego, against Defendant McDonald's Corporation ("McDonald's"). (Doc. No. 1, Ex. A., Compl.) On May 11, 2009, Defendant McDonald's removed the

case to this Court based on the Class Action Fairness Act of 2005 ("CAFA"). (Doc. No. 1.) On May 18, 2009, McDonald's filed a motion to dismiss Plaintiff's complaint. (Doc. Nos. 3 & 4.) On May 28, 2009, Plaintiff filed a response in opposition. (Doc. No. 6.) McDonald's filed a reply on June 8, 2009. (Doc. Nos. 9 & 10.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined this matter was appropriate for resolution without oral argument and submitted it on the parties' papers on June 5, 2009. For the reasons set forth below, the Court grants Defendant McDonald's motion to dismiss the complaint.

### Background

Plaintiff brings this class action against McDonald's on behalf of himself and a class of all other customers who received McDonald's gift cards not redeemable for cash. (Compl. ¶ 7.) Plaintiff asserts that he desired to redeem a gift card he received for cash instead of dining at McDonald's, but was told when he attempted to redeem it that he could not receive cash for his gift card. (*Id.* ¶ 5.) Plaintiff alleges that McDonald's gift cards provide that, "[t]he value on this card may not be redeemed for cash ... unless required by law." (*Id.* ¶ 4.) Based upon McDonald's failure to redeem his gift card for cash, Plaintiff asserts two causes of action against McDonald's for violation of California Business & Professions Code § 17200 and unjust enrichment. (*Id.* ¶¶ 15–19; 20–23.)

Defendant McDonald's moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. Nos. 3 & 4.)

### Discussion

### I. Motion to Dismiss Pursuant to 12(b)(6)

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir.2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir.2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting id.* at 556, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

1996); *see also Twombly*, 127 S.Ct. at 1964–65.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court may, however, consider the contents of documents specifically referred to and incorporated into the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). Additionally, the Court may take judicial notice of matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir.2001). McDonald's requests the Court take judicial notice of Opinion 1488 of the Legislative Counsel of California, dated February 11, 1997 and a March 27, 1997 letter from California State Assembly Member Jan Goldsmith to California State Assembly Member Barbara Alby. (Doc. No. 4, Ex. A; Doc. No. 10, Ex. 1.) Plaintiff requests the Court take judicial notice of a Bill Analysis for AB 2466, a Bill Analysis for SB 250, and another Bill Analysis for SB 250. (Doc. No. 6.) The Court grants the parties' requests and takes judicial notice of these documents.

## A. Unfair Competition Law

Plaintiff's first cause of action is for a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200, et seq. (Compl. ¶¶ 15–19.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof.Code § 17200. Persons authorized to bring claims under the UCL are "those who have suffered injury in fact and lost money or property as a result of the unfair competition." *Id.* § 17204. "[A] UCL action 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices...." *Peterson*

*v. Cellco Partnership*, 164 Cal.App.4th 1583, 1590, 80 Cal.Rptr.3d 316 (2008) (*quoting Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383, 6 Cal. Rptr.2d 487, 826 P.2d 730 (1992)).

Plaintiff alleges that McDonald's has engaged in unfair competition by violating California Civil Code § 1749.5(b)(1). (Compl. ¶¶ 6, 16–17.) Section 1749.5(b)(1) provides that, "[a]ny gift certificate sold after January 1, 1997, is redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder." Plaintiff alleges that he desired to redeem his gift card for cash instead of dining at a McDonald's Restaurant, but when he attempted to redeem his gift card for cash, he was told he could not receive cash for his gift card. (Compl. ¶ 5.) Plaintiff alleges that McDonald's gift cards state that, "[t]he value on this card may not be redeemed for cash ... unless required by law." (*Id.* ¶ 4.) Plaintiff alleges that as a result of this conduct, he has suffered an injury in fact. (*Id.* ¶ 18.)

█ The Court concludes that Plaintiff fails to state a claim for a violation of the UCL. Section 1749.5(b)(1) provides that a gift certificate, which includes gift cards pursuant to California Civil Code § 1749.45, "is redeemable in cash for its cash value, or subject to replacement with a new gift certificate at no cost to the purchaser or holder." California Civil Code § 1448, entitled "Right of Selection," provides that, "[i]f an obligation requires the performance of one of two acts, in the alternative, the party required to perform has the right of selection, unless it is otherwise provided by the terms of the obligation." Here, the vendor of the gift card is the party required to perform by either redeeming a gift card in cash for its cash value or by replacing a gift card with a new card at no cost to the purchaser or holder. Section 1749.5 does not otherwise

provide the right of selection. Therefore, it is the vendor who holds the right to select whether to redeem a gift card in cash for its cash value or to provide a replacement card at no cost to the purchaser or holder. Accordingly, Plaintiff's allegation that McDonald's violated § 1749.5(b)(1) by failing to provide a full cash refund upon demand is without merit. Opinion 1488 of the Legislative Counsel of California, dated February 11, 1997, supports this interpretation of § 1749.5, which states that "section 1749.5 allows the merchant or other issuer to choose one of the available options to meet his or her obligation" and "does not require a merchant to redeem a gift certificate in cash whenever it is presented by a consumer." (Doc. No. 4, Ex. A.) Plaintiff cites no binding authority interpreting § 1749.5(b)(1) as entitling a gift card purchaser or holder to redeem a gift card in cash for its full cash value whenever it is presented. Accordingly, the Court dismisses Plaintiff's first cause of action for a violation of the UCL as Plaintiff fails to plead a violation of § 1749.5(b)(1).

While § 1749.5(b)(1) does not require a merchant to redeem a gift card in cash for its cash value whenever presented by a purchaser or holder, § 1749.5(b)(2) was added in 2007 to provide that, "[n]otwithstanding paragraph (1), any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value." This section does not give the vendor or merchant a right of selection. Plaintiff, however, does not allege that McDonald's violated this provision and has not alleged that his gift card had a cash value of less than ten dollars. Plaintiff has offered various bill analyses, which only support that the legislature amended § 1749.5 to include subsection (b)(2) because consumers with small values on their gift cards often cannot buy anything in the store with the remaining value on the card, and they cannot get change for the value.

(*See* Doc. No. 6, Exs. B & C.) Thus, under § 1749.5(b)(1), consumers were unable to get cash refunds on unused gift card balances on demand, whenever presented and without regard to the vendor's right of selection. Plaintiff contends that § 1749.5(b)(2) was added for the purpose of expanding the scope of the right to redeem gift cards for cash provided by subsection (b)(1), which applies to gift certificates sold, to holders of promotional gift cards and the like. However, § 1749.5(d)(1) explicitly states that this section does not apply to, "[g]ift certificates that are distributed by the issuer to a consumer pursuant to an awards, loyalty, or promotional program without any money or thing of value being given in exchange for the gift certificate by the consumer." Furthermore, the bill analyses offered by Plaintiff do not recognize that subsection (b)(2) was adopted in order to expand the scope of those entitled to redeem gift cards for cash value, but indicate it was adopted in order to provide a right to cash value redemption that was lacking in the current version of the statute. (*See* Doc. No. 6, Exs. B & C.)

■■■■ Defendants also assert that Plaintiff lacks standing to assert a UCL claim because Plaintiff does not allege that he lost money or property as a result of the alleged unlawful practice. Under Cal. Bus. & Prof.Code § 17204, only a person who has (1) suffered injury in fact and (2) has lost money or property as a result of the unfair competition may bring a private action under the UCL. "A plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition [citations omitted]; (2) lost money or property [citations omitted]; or (3) been denied money to which he or she has a cognizable claim [citations omitted]." *Hall v. Time Inc.*, 158 Cal.App.4th 847, 854–55, 70 Cal. Rptr.3d 466 (2008).

Plaintiff has not alleged that he suffered an injury in fact under any of these definitions. Plaintiff did not expend money on his gift card, as he alleges that he received it as a gift. (Compl. ¶ 5.) Plaintiff does not allege that he lost money or property, as his gift card still retains its value to redeem it for McDonald's products. Plaintiff also does not sufficiently allege that he has been denied money to which he has a cognizable claim, as Plaintiff is not entitled to redeem his McDonald's gift card for cash whenever presented to McDonald's under § 1749.5(b)(1). Accordingly, the Court concludes that Plaintiff fails to sufficiently allege his standing to bring a claim under the UCL.

## B. Unjust Enrichment

■ Plaintiff's second cause of action is for unjust enrichment. (Compl. ¶¶ 20–23.) The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723, 726, 91 Cal. Rptr.2d 881 (2000).

Plaintiff alleges that by creating a national policy whereby McDonald's gift card users cannot redeem balances for cash, McDonald's has dramatically increased the probability that card users will end up with partial and essentially unusable balances, which funds all revert to McDonald's. (Compl. ¶ 21.) Plaintiff alleges that McDonald's is unjustly enriched by its unfair and unlawful practice of refusing cash redemption on unused card balances because the additional funds on unused cards simply revert to McDonald's. (*Id.* ¶ 22.)

■ The Court concludes that Plaintiff fails to state a claim for unjust enrichment. Plaintiff's cause of action is premised on his allegations that McDonald's unfairly and unlawfully refuses to give cash refunds on unused gift card balances in violation of § 1749.5(b)(1). Because Plaintiff's cause

of action under the UCL fails based on these allegations, Plaintiff fails to sufficiently plead that McDonald's has been unjustly enriched as Plaintiff alleges no wrongful conduct by McDonald's. "There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Comet Theatre Enterprises, Inc. v. Cartwright,* 195 F.2d 80, 83 (9th Cir.1952). As Plaintiff notes in his opposition, Plaintiff can still use the gift card to buy any McDonald's product until the card is used up. (Doc. No. 6 at 1.) Accordingly, the Court dismisses Plaintiff's second cause of action for unjust enrichment.

### Conclusion

For the reasons set forth above, the Court GRANTS Defendant McDonald's motion to dismiss the complaint. Plaintiff may file an amended complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**