NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOAI DANG,

      Plaintiff-Appellant,

 v.

SAMSUNG ELECTRONICS CO., LTD ET AL,

      Defendant-Appellee,

No.   19-15007

D.C. No. 5:14-cv- 00530-LHK

MEMORANDUM*

Appeal from the United States District Court
For the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,*** Senior District Judge.

    Appellant Hoai Dang appeals the district court's order granting Samsung

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The appeal is ordered submitted on briefs as of April 17, 2020, pursuant to Fed. R. App. P. 34(a)(2).

    *** The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

Electronics Co., LTD, Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC's (collectively "Samsung") motion to dismiss complaints with prejudice. We have jurisdiction under 28 U.S.C. §1291.

Appellant contends the district court erred in relying on Samsung's disclaimer of breach of implied warranty of non-infringement. Although placed in a paragraph dealing with security issues, the broad disclaimer language itself was not limited in that regard. Also, the disclaimer met the requirements of being conspicuous; the written disclaimer is in all caps under a section labeled "Manufacturer's Warranty" and subsection titled, "What are the limits on SAMSUNG's liability?", and the disclaimer is set off from the surrounding text in a conspicuous and clear manner. *See A & M Produce Co. v. FMC Corp.,* 135 Cal. App. 3d 473, 483 n.5 (1982); Cal. Com. Code §§ 1201(10), 2316. Appellant waived any challenge to the scope of the disclaimer by not raising it to the district court, *see Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) and, in any event, such a challenge would fail because the packaging clearly identifies the device as a SAFE product. The disclaimer therefore complied with California law, and the district court properly relied on it to dismiss the breach of implied warranty claim.

The complaint fails to offer factual support for Dang's claim that Samsung's omission of an infringement declaration caused a safety hazard or involved a

2

physical defect that affected the central function of the device, as required under California's Consumer Legal Remedies Act ("CLRA"). *See Hodsdon v. Mars, Inc.,* 891 F.3d 857 (9th Cir. 2018). Because there was no actionable misrepresentation, the CLRA claim fails. Nor was there error in the district court's holding that use of the name "Samsung" on the device does not imply to reasonable consumers that the device does not infringe on a competitor's patent technology. *See Ebner v. Fresh, Inc.,* 838 F.3d 958, 965 (9th Cir. 2016).

Because the claims for breach of the warranty of non-infringement and violation of the CLRA fail, appellant may not rely on those claims as predicates for the California Unfair Competition Law ("UCL") unlawful prong claim. Similarly, the complaints fail to provide factual allegations for claims under the unfair prong of the UCL, or that Samsung's conduct threatened to violate antitrust laws, or that it harms competition. *See Cel-Tech Commc'ns, Inc. v. L. A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The legal jeopardy claims under the International Trade Commission also fail, because the Commission's order does not apply to consumers. Additionally, the UCL fraudulent prong claim fails for the same reasons the CLRA claims failed. *See Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal. App. 4th 1351, 1361 (2003).

Finally, no error is shown in dismissing the unjust enrichment claim because Samsung expressly disclaimed the implied warranty of non-infringement and

3

Appellant alleged no facts showing that he did not have full use of the Samsung device or was prevented from reselling the device. *See Hernandez v. Lopez,* 180 Cal.App.4th 932, 938 (2009). "There is no equitable reason for invoking restitution when plaintiff gets the exchange which he expected." *Comet Theatre Enterprises, Inc. v. Cartwright* 195 F.2d 80 (9th Cir. 1952).

**AFFIRMED.**